IN THE

# SUPREME COURT

OF

# NEW JERSEY,

## NOVEMBER TERM, 1789.

[418]   BALDWIN, PLAINTIFF IN ERROR, v. O'BRIAN.

After a verdict upon the merits, the court will not set it aside for mere technical defects in the declaration, where enough appears to show the foundation of the action, and the verdict and recovery may be pleaded in bar to another action for the same cause.

This was an action of *indebtitatus assumpsit*, brought in the Common Pleas of Essex county, by the defendant in error, against Baldwin.

The first count in the declaration was special, and stated that on the 13th of October, 1788, one Joseph Brown had made a promissory note, by which he promised, forty-five days after date, to pay to the said O'Brian £57 17s., for value received; that O'Brian afterwards, and before the payment of any money upon the note, endorsed it over to one Benjamin Coe, or order, by a special endorsement. The declaration stated that this endorsement was made at the special instance and request and to the use of the said Baldwin, and the

479

note, with the endorsement so as aforesaid made, was delivered to Baldwin on the faith of a special agreement and undertaking by him that he would secure the payment of the sum specified in the note, or the value thereof, to O'Brian, when he should be thereunto afterwards requested. Notice was given of the said endorsement to Brown. The second count stated that in consideration of so much money having been paid, laid out, and expended for the use of the said Baldwin, and at his special instance and request, he promised, &c. Third, for the balance of an account stated. Yet defendant, although often requested, &c.

To this declaration the defendant pleaded *non assumpsit.*

A verdict passed for the plaintiff in the court below, and on a writ of error the parties agreed upon the following statement:

The note was in these words: "Forty-five days after date I promise to pay or cause to be paid to Charles A. O'Brian the sum of fifty-seven pounds seventeen shillings, for value received. October 13th, 1788.

"JOSEPH BROWN."

[419] Upon it the following endorsements were made:

"Phila., Nov. 15th, 1788. By order of Joseph Brown, I have received of Mr. K. & Co. the sum of four dollars on account of the within note, as will appear by my receipt to said K. & Co.

"CHARLES A. O'BRIAN."

"Phila., Nov. 18th, 1788. By order, and for account of the within note, I have received of Mr. J. Brown his order on ——, and have received of said —— goods to the amount of £5.

"C. A. O'BRIAN."

"Nov. 29th, 1788. For value received, I have transferred the unendorsed part of the within to Mr. Benjn. Coe. Given under my hand the day first written.

"C. A. O'B."

It was proved by two witnesses that this assignment was made at the request of Baldwin, that it was delivered by O'Brian to him, and he promised that he would pay O'Brian the amount; and the question was, whether, under these circumstances and these pleadings, the plaintiff ought to be nonsuited.

*Ea. Boudinot*, for the nonsuit.   The first count in the declaration states a special case, which must be proved as laid. Two facts are there stated, to which there has been no evidence, and which it was essential for him to prove before he can legally recover in the present action.   1st. That the assignment was made to the use of Baldwin.   2d. That the plaintiff below gave notice of the assignment to Brown, the drawer.

It is perfectly immaterial whether it was or was not necessary for the plaintiff to state the contract circumstantially, but the rule is imperative that if he undertakes to plead the facts he is bound to make his *probata* correspond with his *allegata*. These facts, as he has represented them, enter into the very essence of the contract, and the contract which he has proved is materially variant.   Lord Mansfield, in the case of *Briston* v. *Wright, Dougl.* 667, though evidently inclined [420] to overrule the objection, which he had before overruled in a previous stage of the case, felt himself compelled to adhere to the strict rules of pleading, and declared it to be fatal.

This case, however, is stronger; the circumstances here stated constitute the ground of the undertaking by Baldwin. He is alleged to have promised, in consideration of the premises.   Every fact, therefore, which had been previously stated is expressly made a part of the consideration of the assumption, and however unimportant they may be in themselves, must be proved.   The plaintiff has, therefore, failed in making out of his case; he has counted upon an agreement, and proved another, variant from it in essential points.

Another variance between the *allegata* and *probata* is still more important.   The note which he states to have been assigned to Benjamin Coe, he states was wholly unpaid at the

2 H

time of his endorsement; all the money was by the endorse-
ment ordered to be paid to the assignee.   The note which
has been shown in evidence, bears two receipts upon it of part
payment, anterior in date to the assignment.   It cannot be
presumed that this was the note declared upon.   In *Buller's
N. P.* 145, a variance much less important was held to be fatal.
The agreement declared upon was to sell the plaintiff all his
merchandisable skins; that which was proved and signed by
the defendant corresponded with it precisely, yet because an
agreement of the same date, entered on defendant's books and
signed by the plaintiff, was to sell all his merchandisable
*calf* skins, the plaintiff was non-suited.

The case of the plaintiff is essentially defective in another
particular under the statute of frauds.   By that statute, sec-
tion three, no action shall be brought to charge any defend-
ant upon any special promise to answer for the debt, default
or miscarriage of another, unless the agreement upon which
such action is founded shall be reduced to writing and signed
by the parties.   The case of *Fish* v. *Hutchinson*, 2 *Wils.* 94,
shows that contracts similar to that under consideration have
been considered as clearly within the terms of the statute.
*Bull. N. P.* 281.

Where the promises are mutual, and the one in considera-
tion of the other, the plaintiff must allege performance of the
[421] promise on his part; here the undertaking to pay was
in consideration of the endorsement, and it is not stated that
the endorsement was actually made previous to the demand.
*Collins* v. *Gibbs*, 2 *Burr.* 899.

Independent, however, of these objections to the contract
itself and the manner in which it is stated in the pleadings,
there is no legal breach of his undertaking by the defendant,
laid in the declaration.   On a promise to pay a collateral
sum on request, a *sœpius requisitus* will not be sufficient : a
special request must be stated and proved.   *Buller N. P.* 157. (a)

(a) This rule is correctly and perspicuously stated 1 *Selwyn's N. P.* 94,
when it is said "It is observable that when the defendant is chargeable,
upon a collateral promise to pay, omit or do some act upon request, and

Baldwin v. O'Brian.

*Aa. Odgen, contra.* After a verdict has passed between the parties, the court will infer circumstances which must necessarily have been proved before a recovery could have been had, and will reject as immaterial such averments in the pleadings as it was not essential should have been set forth.

The objection is that the declaration stated the assignment to have been made for the use of defendant. If the plaintiff endorsed the note at his request and in consequence of his promise to pay the amount, it is perfectly immaterial to whose use it was to enure. To support an action of *assumpsit* the consideration may be either some positive benefit to the defendant, or inconvenience or loss to the plaintiff. The plaintiff in this case has parted with his claim upon Brown at the defendant's request, and this being stated in the declaration the ground of the action is complete, and the plaintiff's rights are not to be forfeited by the mere introduction of a superfluous allegation. The notice of the assignment was also unimportant, but if essential may be presumed to have been proved at the trial.

[422] The note was proved to have been actually delivered to the defendant; when he was asked for the money he offered to pay half; on the ground that it was a hard case, he endeavored to avoid paying the whole. This is also satisfactory evidence of an actual request, and an acknowledgment by the defendant that up to that period everything was regular, and the plaintiff's title to the money was good.

The objection founded upon the statute of frauds is inapplicable. By a solemn adjudication in this court prior to the Revolution, that statute has been held not to extend to this state, and much property and many rights depend upon an adherence to that decision. The opinions of Lord Chancellor King, and of Sir Dudley Ryder, which are known to have

not for a mere debt or duty, an actual request ought to be made before action brought, and consequently it ought to be averred in the declaration, and the day, year, and place where the request was made, must be expressed, for in this case the request is parcel of the case." *Birks* v. *Trippet*, 1 *Saund.* 33, *n.* 2; *Rushton* v. *Aspinwall, Dougl.* 679.

been taken upon the question, are entitled to considerable weight, and they are confirmed by those of some of the most eminent counsel in New Jersey. The question may therefore be considered as settled.

But the statute does not embrace a case of this description. It was a purchase of a note, which is a negotiable instrument; and the *assumpsit* was to pay the consideration of the assignment, which was a new debt. The agreement was also in part performed by the endorsement, and the case is therefore entirely out of the statute.

The objection that the *licet sœpius requisitus* is insufficient is founded upon the same error as the preceding. The undertaking is not a collateral, but an original one, originating in, but entirely independent of the note from Brown.

This, however, is at best a mere technical defect of pleading, and the court would, if there was any necessity for it, presume after verdict that a special request was proved. But such a presumption is unnecessary here, because one of the witnesses expressly swore that Baldwin was called upon for the money, and that so far from denying his liability, he said it was a hard case; that the loss ought to be divided, and that he was willing to pay half the amount demanded.

The objection is at any rate too late after verdict, it should have been taken advantage of by demurrer; defects of this kind are cured by verdict.

PER CUR. None of the objections which have been made go to the justice of the case or affect the equity of the [423] claim. The merits are clearly with the plaintiff, and there is no question but that he may recover the entire amount of the verdict in another action, should it be adjudged that the pleadings are defective. " Judges ought," to use the language of Lord Mansfield, " to lean against every attempt to non-suit a plaintiff, upon objections which have no relation to the real merits; much more when the plaintiff is clearly entitled to recover upon the merits, and must recover in another action. It is unconscionable in a defendant to take ad-

vantage of the *apices litigandi* to turn a plaintiff round where his demand is just. Against such objections every possible presumption ought to be made which ingenuity can suggest." 3 *Burr.* 1243.

These are the principles which ought to govern courts in all cases of applications of this nature. But this case is still stronger; here a verdict has passed between the parties, the questions of fact, which might have appeared questionable on the mere pleadings, are settled and reduced to a certainty by the decision of a jury, and no attempt has been made to impugn the righteousness of their determination. In *Goslin* v. *Wilcock*, 2 *Wils.* 302, the court refused to grant a new trial where a material averment was omitted in the declaration, because the verdict was right upon the merits; and Lord Camden says, " as the justice and equity of the cause is on the side of the verdict, we ought not to grant a new trial." In *Sampson* v. *Appleyard*, 3 *Wils.* 273, Nares, J., said, " The court never grants a new trial when they clearly see the merits have been fairly and fully tried."

Enough appears upon the pleadings to show the foundations of the present claim. The defendant will always be able to plead this recovery in bar of another action on the same ground. This we consider as the true inquiry in the case, (3 *Burr.* 1590,) and when that appears we will look no further.

Judgment affirmed.